## Roy D. Keehn, Appellee, v. Samuel E. Moist, Appellant.

## Gen. No. 20,684. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed May 11, 1915. Rehearing denied May 25, 1915.

## Statement of the Case.

Action by Roy D. Keehn, plaintiff, against Samuel E. Moist, defendant, to recover the reasonable value of legal services rendered defendant in three law suits, in one of which defendant was indicted.

It was contended by defendant and denied by plaintiff that there was a valid and binding contract between the parties that plaintiff was not to charge more than $2,000 for his services in the criminal case, which required the greater part of his services.

The evidence showed that the indictment was found by a Federal grand jury May 17, 1912, charging defendant Moist with a scheme to use the United States mails in connection with an alleged fraudulent device to advertise pianos which he was engaged in selling. The same device was also used by other piano concerns. After the indictment, it appeared that defendant had a conversation with plaintiff as to his fees in the matter, his version of that conversation corresponding with two undisputed letters of that date, being to the affect that plaintiff said other piano men were interested, and ought to contribute to the expenses of the case, and that he would write a letter which defendant was to show them to induce such contribution. That letter was to the effect that other piano men were as much interested in the outcome of the case as defendant, and ought to bear the expense of it, which would be more than he could properly stand person-

ally, if tried as it ought to be; that if he pleaded guilty the prosecution would not end with him, but the Government would then "go after all of them;" that plaintiff had an understanding with the district attorney that it was to be a test case, and that it was "a case in which, if properly tried, including attorney's fees, a bill of $5,000 should be rendered."

The evidence also showed that inclosed in the same envelope was a private letter to defendant of the same date, referring to the conversation, as follows:

"Dear Mr. Moist:

I am enclosing herewith letter which I think will answer the purpose that we discussed this morning.

Kindly let me know by Wednesday what can be done as I will have to prepare the demurrer and get to work on the brief. In the event that you find you are alone in the matter, I would outline the expense to be about as follows:

Cut the bill to $2,000, you to pay the printing and court reporters' bills. In fact, we might do a little better than this but I would want to find out first just what we will have to meet.

Yours very truly,

ROY D. KEEHN."

Three days later, defendant paid plaintiff $500 upon the understanding, he claims, that plaintiff would "cut the $2,000," if all the work outlined in the letter to be shown became unnecessary, and was to receive no more until the case was "finished." Afterwards, defendant paid said plaintiff $1,200 more, and he testified that when the last $500 was paid, he reminded plaintiff that it was not according to contract to pay the entire $2,000 until the matter was ended. The evidence tended to show that defendant acted on the proposition in the private letter. Plaintiff undertook to meet the effect thereof with testimony tending to show that another piano company had contributed to defendant's expense account in the litigation.

From a judgment on a verdict in favor of plaintiff for $1,200, defendant appeals.

CHARLES E. CARPENTER, VINCENT D. WYMAN and OTTO W. JURGENS, for appellant.

EDWARD G. WOODS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

ATTORNEY AND CLIENT, § 123*—*when evidence sufficient to show agreement for compensation.* Evidence examined and *held* to show agreement between attorney and client for attorney's compensation and to preclude recovery by attorney on *quantum meruit.*

---

### Walter R. Kirk, Plaintiff in Error, v. H. Meinshausen, trading as German-American Oil Company, Defendant in Error.

### Gen. No. 20,719.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1914.    Affirmed.    Opinion filed May 11, 1915.

### Statement of the Case.

Action by Walter R. Kirk, plaintiff, against H. Meinshausen, trading as German-American Oil Company, defendant, to recover a balance of $150.60 as commissions claimed to be due him as broker for negotiating the sales of certain merchandise.

The evidence as to the terms of the contracts under which the sales were negotiated and of the terms of the agreement between the parties was conflicting. There

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number,